UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FAIR HOUSING JUSTICE CENTER, INC.,

             Plaintiff,

v.

ESPLANADE VENTURE PARTNERSHIP;
ESPLANADE OF WHITE PLAINS VENTURE
PARTNERSHIP; PALISADES GARDENS
GROUP, LLC; ESPLANADE CHESTNUT, LLC;
and ESPLANADE STATEN ISLAND, LLC.,

             Defendants.

Index No.: 13 Civ. 3600 (AT)(RLE)

ECF CASE

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

      Plaintiff, by its attorneys MFY Legal Services, Inc. and Emery Celli Brinckerhoff & Abady LLP, submits this memorandum of law in support of its first motion for leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

### PRELIMINARY STATEMENT[1]

      This case involves persistent discrimination perpetrated by the owners and operators of five senior residences in New York City and its northern suburbs referred to as The Esplanade Residences. Plaintiff alleges that individuals have suffered, and continue to suffer, discrimination at those residences on the basis of disability, race, color and religion in violation of the Fair Housing Act, the New York State Human Rights Law, and the New York City Human Rights Law.

      Plaintiff seeks to amend its complaint to add facts in support of its claims and to include a newly identified defendant, Chestnut Operating Company, LLC ("Chestnut Operating

---

[1] The facts stated in this memorandum are based on the annexed declaration of Diane L. Houk.

Company").[2] Upon information and belief, Chestnut Operating Company operates one of the five Esplanade residences, The Esplanade at Chestnut Ridge ("Chestnut Ridge"), and leases the premises on which it is located.

This motion should be granted because Plaintiff has acted without undue delay or bad faith, the proposed amendments are not futile and Defendants will not be prejudiced by them. Fed. R. Civ. P. 15(a)(2).

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed this action on May 29, 2013, alleging discrimination against individuals with disabilities by the owners and operators of The Esplanade Residences, including Chestnut Ridge. Plaintiff also alleges discriminatory statements and advertising by The Esplanade Residences based on religion and race. Plaintiff named five defendants in its original complaint, including Esplanade Chestnut, LLC ("Esplanade Chestnut"), but not including Chestnut Operating Company.[3] At the time, Plaintiff did not know of the latter's existence.

On July 17, 2013, Defendants' counsel provided Plaintiff with two documents: (1) a lease dated July 1, 2012 between the Chestnut LLCs for the property on which Chestnut Ridge is located; and (2) an operating certificate issued by the New York State Department of Health on July 1, 2012 to Chestnut Operating Company for operation of an assisted living facility at the Chestnut Ridge site. Defendants then answered the complaint on July 22.

On August 1, counsel for the parties participated in a telephone conference call to discuss a case plan, make arrangements for initial disclosures and prepare for the Court's initial

---

[2] The defendants named in the original complaint are Esplanade Venture Partnership; Esplanade of White Plains Venture Partnership; Palisades Gardens Group, LLC; Esplanade Chestnut, LLC; and Esplanade Staten Island, LLC. As used in this memorandum, "Defendants" refers to those five parties.

[3] As used in this memorandum "the Chestnut LLCs" refers to Esplanade Chestnut and Chestnut Operating Company, collectively.

conference. During the call, the parties agreed to exchange certain discovery in advance of the initial pretrial conference. Specifically, they agreed that Plaintiff would produce documents and recordings reflecting its testers' interactions with staff at The Esplanade Residences, and Defendants would produce records pertaining to ownership and operation of Chestnut Ridge. On August 29, Plaintiff sent all testing documents and recordings to Defendants.

The Court's initial conference was held the following day, and on September 3, the Court entered a scheduling order directing the parties to file any amended pleadings within thirty days. It also stated that "[a]mended pleadings may not be filed and additional parties may not be joined except with leave of the Court." Plaintiff's counsel misread the order to permit amended pleadings without leave of the court if filed within thirty days, by October 2.

On September 6, Plaintiff sent to Defendants its Rule 26 disclosures along with the documents described in those disclosures. One week later, Defendants provided Plaintiff with their Rule 26 disclosures, which did not include any documents even though Defendants' counsel had previously agreed to the early production of some documents. In compliance with the Court's scheduling order, on September 23, Plaintiff also served Defendants with interrogatories and requests for document production. Defendants have not served Plaintiff with any discovery requests.

On October 2, Plaintiff filed an amended complaint to add Chestnut Operating Company as a defendant and to include new factual allegations in support of the claims asserted in the amended complaint. In October, Defendants asked Plaintiff for an additional five weeks to respond to its discovery requests and brought to Plaintiff's attention that the Court's scheduling order required the parties to seek leave to amend their pleadings. On October 22, counsel for all parties conferred by telephone to discuss a number of issues. During the call, Defendants'

counsel agreed to produce documents relating to the Staten Island and Manhattan Esplanade Residences by November 8, 2013 and documents relating to the rest of the sites, including Chestnut Ridge, by November 22, 2013. During the same telephone conference, counsel concluded that leave to amend Plaintiff's claim should have been sought. The parties agreed that Plaintiff would voluntarily withdraw the amended complaint, dismiss all claims against Chestnut Operating Company and then file a motion to amend the complaint.

On October 24, new counsel filed an appearance on behalf of the Chestnut LLCs. He concurred with the course of action agreed to by the parties during their October 22 telephone conference. Based on counsel's oral agreements, Plaintiff drafted and circulated to all counsel a stipulation and order for dismissal without prejudice. After obtaining consent from both counsel for Defendants, on October 31, Plaintiff filed the parties' stipulation to withdraw the amended complaint. The stipulation included a provision that if Plaintiff moved to amend its complaint on or before November 8, 2013, Defendants would not oppose the motion as untimely under the Court's scheduling order.[4] On the same day, Plaintiff filed a notice of voluntarily dismissal of all claims against Chestnut Operating Company. The Court signed both the stipulation and the notice of voluntary dismissal the following day, and it extended the deadline for amended pleadings until November 8.

Plaintiff now moves to amend the complaint to add Chestnut Operating Company as a defendant. Plaintiff's proposed amended complaint also includes additional factual allegations concerning Chestnut Ridge and the Chestnut LLCs.

---

[4] The stipulation erroneously stated that the scheduling order had been filed on July 9, 2013. It was the September 3, 2013 order, not the one entered on July 9, that set a date for amended pleadings to be filed.

## ARGUMENT

Leave to amend a complaint will be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]f the plaintiff has at least colorable grounds for relief, justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block Bldg. 1 Housing Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979). "The party opposing [an] amendment has the burden of showing prejudice." *Schare v. Six Flags Theme Parks*, No. 96 Civ. 9377 (RWS), 1998 WL 24361, at *3 (S.D.N.Y. Jan. 23, 1998). "[R]efusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Plaintiff's motion to amend should be granted because Defendants can make no showing of prejudice, bad faith, undue delay or futility.

### I.      Defendants Cannot Show Prejudice

Defendants will not be prejudiced by Plaintiff's proposed amendments. In evaluating whether amendments will prejudice a defendant, courts consider whether the amendments will "(i) require the [defendant] to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

The proposed amendments will not alter Defendants' discovery obligations or delay the progress of this action because Defendants have conducted virtually no discovery to date. Defendants have not yet served Plaintiff with any discovery requests or noticed any depositions. Nor have they provided Plaintiff with any documents other than the lease and

operating certificate produced on July 17. On September 23, 2013, Plaintiff served Defendants with a set of interrogatories and requests for the production of documents. Defendants had 30 days under Rules 33 and 34 to respond, but Defendants asked for an additional five weeks to respond. Under the production schedule agreed to by the parties, Defendants will have until November 22 to produce any documents pertaining to Chestnut Ridge. Because discovery is barely underway, because Defendant has not yet propagated any discovery requests or scheduled any depositions, and because Defendants have of their own accord postponed their production of documents, Plaintiff's filing of an amended complaint will not cause Defendants any prejudice.

Moreover, the proposed amendments do not come as a surprise. Defendants have known that Plaintiff intended to add Chestnut Operating Company as a defendant since at least October 2, when Plaintiff initially filed its amended complaint.

## II.     Plaintiffs Have Not Acted in Bad Faith or With Undue Delay

Defendants agree that Plaintiff's motion to amend is timely. Plaintiff first attempted to amend its complaint on October 2, 2013, in accordance with the initial deadline set by the Court. It did so to add Chestnut Operating Company, which it did not know existed when it filed its original complaint. As a result of a good faith oversight, Plaintiff failed to seek leave to amend when it filed its amended complaint. Plaintiff took action to correct its error as soon as it was alerted to that oversight. In any event, Plaintiff files this motion in accordance with the Court's revised, November 8 deadline.

## III.    The Proposed Amendments Are Not Futile

Plaintiff's proposed amendments are not clearly frivolous, as they do not advance any claim that is legally deficient on its face. *See Chimarev v. TD Waterhouse Investor Svcs., Inc.*, 233 F. Supp. 2d 615, 617 (S.D.N.Y. 2002). "Unless a proposed amendment is clearly

6

frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend." *Lerman v. Chuckleberry Publ'g., Inc.*, 544 F. Supp. 966, 968, *rev'd on other grounds sub nom Lerman v. Flynt Distrib. Co.*, 745 F.2d 123 (2d Cir. 1984). The joinder of Chestnut Operating Company adds a defendant who may be liable for the injuries already alleged in both complaints, and the added factual allegations will assist the parties to more fully understand the basis of Plaintiff's claims. The proposed amendments therefore serve "'to facilitate a proper decision on the merits,'" *Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.*, No. 94 Civ. 4518 (DC), 1997 WL 26293, at * 2 (S.D.N.Y. Jan. 22, 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). Rule 15(a) "may be utilized to add a new plaintiff." *Id.* (citing *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966).

The lease and operating certificate provided by Defendants to Plaintiff on July 17 indicate that, between the two of them, the Chestnut LLCs own, lease and operate Chestnut Ridge. Plaintiff's amendment to add Chestnut Operating Company as a defendant is therefore appropriate. The questions of whether one or both LLCs are directly responsible for the discriminatory acts at the facility, and whether one LLC acted on behalf of the other are "highly factual" inquiries "and can turn on a number of factors, including: the situation of the parties, their relations to one another, and the business in which they are engaged; the general usages of the business in question and the purported principal's business methods; the nature of the subject matters and the circumstances under which the business is done." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 522 (2d Cir. 2006) (internal quotation marks omitted). The allegations that Plaintiff proposes to add pertaining to the Chestnut LLCs' relationship to one another and to the Chestnut Ridge facility are relevant to those inquiries. They reflect Plaintiff's current understanding of the LLCs' respective roles and the need for further discovery into the operation

of Chestnut Ridge. They also establish that Plaintiff's motion to add Chestnut Operating Company as a defendant is not frivolous.

## CONCLUSION

For the aforementioned reasons, Plaintiff requests that the Court grant Plaintiff permission to file the Proposed Amended Complaint.

Dated: November 8, 2013
      New York, New York

                              EMERY CELLI BRINCKERHOFF
                              & ABADY LLP

                              By: _____
                                   Diane L. Houk
                                   Hayley Horowitz
                                   75 Rockefeller Plaza, 20th Floor
                                   New York, New York 10019
                                   Phone: (212) 763-5000

                              MFY LEGAL SERVICES, Inc.

                              Kevin Cremin
                              229 Broadway, 4th Floor
                              New York, NY 10007
                              Phone: (212) 417-3700

                              *Attorneys for Plaintiff*